UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
GLEN CAMPBELL,

                Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
CORRECTIONS, RIKERS ISLAND,

                Defendants.
----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
13-CV-7088 (CBA) (LB)

AMON, Chief United States District Judge:

On November 27, 2013, plaintiff Glen Campbell, currently incarcerated at Nassau County Correctional Center, filed this pro se complaint pursuant to 42 U.S.C. § 1983. On January 2, 2014, Campbell filed a "supplemental complaint," and on January 27, 2014, he filed an "amended complaint." Campbell's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, Campbell's amended complaint is dismissed for failure to state a claim upon which relief may be granted. Campbell is granted thirty (30) days leave to submit a second amended complaint.

## Background

Campbell alleges that on November 3, 2013, he suffered injuries while an inmate at Rikers Island Correctional Facility. (Supp. Compl. ¶ IV.) He alleges that he received a cut on his face which was improperly treated, resulting in swelling, an infection, and a scar. (Id. ¶ IV.A.) Campbell seeks monetary damages.

## Standard of Review

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or,

1

in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007); see also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, sua sponte dismissal of frivolous prisoner complaints is not only permitted but mandatory).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read a pro se plaintiff's complaint liberally and interpret it as raising the strongest arguments it suggests. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013).

Discussion

In order to state a § 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law,'" and (2) that such conduct "'deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent

2

substantive rights; but rather is a vehicle to "redress ... the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 17 § 396. The New York City Department of Correction is an agency of the City of New York. As such, it lacks an independent legal existence and therefore is not a suable entity. See Adams v. Galletta, 966 F. Supp. 210, 212 (S.D.N.Y. 1997). Likewise, although the caption of Campbell's supplemental complaint purports to include "Rikers Island" as a defendant to the case (Supp. Compl. at 1), "a claim against Riker's Island must be brought as a claim against the City of New York," Charles v. Riker's Island Corr. Fac.-C-95/AMKC, No. 95 Civ. 10499, 1996 WL 442884, at *1 (S.D.N.Y. Aug. 5, 1996). Accordingly, Campbell's claims against both the New York City Department of Correction and Rikers Island are dismissed. See 28 U.S.C.§ 1915A(b).

## Leave to Amend

Although Campbell's amended complaint is dismissed, in light of this Court's duty to liberally construe pro se complaints, Campbell is given thirty (30) days leave to file a second amended complaint. Should Campbell elect to file a second amended complaint, he must name as proper defendants those individuals who have some personal involvement in the action he alleges in the amended complaint and provide relevant dates. See Iqbal, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution."). If Campbell wishes to bring claims against a defendant and does not know the name of the individual, he may identify each of them as John or

3

Jane Doe, identify their place of employment, and to the best of his ability describe each individual and the role he or she played in the alleged deprivation of his rights.

The amended complaint must be captioned as a "Second Amended Complaint," and bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed for thirty days. If Campbell fails to amend his complaint within thirty days as directed by this Order, the Court shall enter judgment.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED

/S/ Chief Judge Carol B. Amon
CAROL B. AMON
Chief United States District Judge

Dated: Brooklyn, New York
January, 29 2014